UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA PALMER : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 05-2023 |
| AMERIBANQ MORTGAGE GROUP, LLC, : | |
| ET AL. : | |

**SURRICK, J.**                                                                                                                            **MAY 5, 2009**

### MEMORANDUM

Presently before the court is the Motion *In Limine* of Countrywide Home Loans, Inc. and Bank of New York to Preclude New, Unpled and Untimely Claims Raised by Plaintiff and to Exclude Expert Report and Trial Testimony of William Hart. (Doc. No. 59.) For the following reasons, the Motion will be granted in part and denied in part.

**I. BACKGROUND**

Plaintiff filed the Amended Complaint in this matter on October 14, 2008. (Doc. No. 35.) The Amended Complaint seeks relief from a mortgage Plaintiff entered into with Defendant Ameribanq in October 2004. (Doc. No. 35 ¶ 5.) Among other things, the Amended Complaint alleges that Defendant Ameribanq failed to make material disclosures in connection with the loan in violation of the Truth-in-Lending Act ("TILA"), 15 U.S.C. §§1601, *et seq*. (*See* Doc. No. 35 ¶¶ 18-19.) In particular, the Amended Complaint alleges that Defendant Ameribanq failed to disclose certain material finance charges. (*Id.* ¶ 18.)

On September 29, 2008, a Scheduling Order was issued in this matter. (Doc. No. 33.) That Order set January 14, 2009, as the date by which Plaintiff had to submit expert reports to Defendants. (*Id.* ¶ 2(a).) Plaintiff did not submit an expert report to Defendants by that date.

Months passed, and on March 16, 2009, Defendants moved for summary judgment. (Doc. No. 46.) Plaintiff filed a Response in Opposition on March 30, 2009. (Doc. No. 51.) Plaintiff attached to her response the affidavit of William C. Hart, an expert witness (the "Hart Report"). (*See* Doc. No. 52, Hart Aff.) The following day – approximately eleven weeks after the Scheduling Order's deadline to file an expert report – Plaintiff filed a motion requesting an enlargement of time to present an expert report. (Doc. No. 53.) Defendants opposed Plaintiff's motion for enlargement of time (Doc. No. 55) and, on April 9, 2009, filed the instant Motion *in limine* to preclude the expert from testifying at trial (Doc. No. 59).

## II. ANALYSIS

### A. New, Unpled and Untimely Claims

Defendants argue that Plaintiff's Response in Opposition to their Motion for Summary Judgment raises two previously unpled claims. (Doc. No. 59 at 6.) Defendants' arguments are not persuasive because they attempt to classify Plaintiff's legal arguments as new claims. First, Plaintiff's argument that "Ameribanq erred in its disclosure of the finance charges in an amount in excess of the applicable tolerance after foreclosure has been initiated of $35," (*id.*) is not a new claim; rather, it is one theory supporting the claim set out in Count II of the Amended Complaint. (*See* Doc. No. 35 ¶ 18.) In asserting the dollar threshold for the materiality of finance charge disclosures, Plaintiff is articulating a legal argument about what dollar amount the Court should consider material. Given the broad language of the Amended Complaint, which identifies "finance charges" generally and not specific charges, there is nothing improper with Plaintiff's approach.

The same holds true for Defendants' attempt to classify Plaintiff's argument that "she was

2

overcharged for title insurance in the amount of $214.90" as a new and untimely pled claim. (Doc. No. 59 at 7.) This argument also falls within the scope of the allegation in the Amended Complaint that Defendant Ameribanq failed to make material disclosures. Thus, the argument itself is not untimely and we will not preclude Plaintiff from arguing it.

B. **Hart Expert Report**

"The Third Circuit has delineated four factors to consider when deciding whether to exclude evidence due to failure to comply with an order." *Shalley v. City of Phila.*, No. 94-5883, 1996 U.S. Dist. LEXIS 5690, at *4 (E.D. Pa. Apr. 30, 1996) (excluding untimely expert report filed approximately six weeks after deadline established by the court's scheduling order). The four factors are:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

*In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir. 1994) (*citing Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977)).

Plaintiff's untimely submission of the Hart Report implicates three of the four factors. With regard to the first factor, Defendants point out that trial is set for May 11, 2009, and that the untimely submission of the Hart Report will result in undue prejudice. (Doc. No. 59 at 10-11 (*quoting Rush v. Scott Paper Co.*, No. 93-5973, 1995 WL 46703, at *3 (E.D. Pa. Feb 1, 1995)).) Defendants argue that they have "already selected exhibits, witnesses and have substantially prepared for trial in anticipation of the May 11 date." (*Id.* at 11.) They further argue that "[t]o allow the Hart Report at this point would force the Defendants to immediately depose Hart (well

3

after the discovery end date), retain their own expert, produce a counter expert report and make that expert available for deposition by Plaintiff's counsel." (*Id.*) Accordingly, this factor weighs in favor of excluding the report.

The second and third factors favor excluding the Hart Report for similar reasons. Despite the relatively recent date of the Scheduling Order (Doc. No. 33) and the Amended Complaint (Doc. No. 35) – September 29, 2008, and October 14, 2008, respectively – the parties have had four years to prepare their case. In order to cure the prejudice created by Plaintiff's untimely submission of the Hart Report, this matter would have to be postponed. Doing so would disrupt the Court's schedule, unnecessarily consume resources, and potentially prolong the matter for months despite the fact that the parties are otherwise ready to try the case.

Nothing in the record suggests that Plaintiff acted in bad faith or with the intent not to comply with the Scheduling order. Thus, the fourth factor weighs against excluding the Hart Report. However, the weight of the fourth factor is diminished because the Hart Report provides evidence supporting an element of a claim on which Plaintiff bears the burden of proof at trial. The Amended Complaint asserts that Defendant Ameribanq failed to "adequately disclose certain terms of the transaction, particularly the finance charges . . . ." (Doc. No. 35 ¶ 18.) In her Response in Opposition to Defendants' motion for summary judgment, Plaintiff argues that the title insurance charges "imposed upon the Plaintiff in this transaction were illegally computed" and resulted in an overcharge. (Doc. No. 51 at 15.) Plaintiff claims that the overcharge, which she relies on William Hart to establish, was a finance charge that Defendant Ameribanq improperly omitted from the Truth in Lending Disclosure Statement. (*Id.*) Plaintiff has known, at least since she filed the Amended Complaint, that she would have to prove that Defendant

4

Ameribanq's computation of the title insurance resulted in a failure to make a material disclosure in violation of the TILA.[1]

Although Plaintiff may not have acted in bad faith, she has presented no convincing explanation for her delay that might offset the prejudice to Defendants. Plaintiff contends that the delay was warranted because the Scheduling Order originally set a settlement conference before Magistrate Judge Lynne A. Sitarski for October 17, 2008, but that the conference was postponed until February 13, 2009. (*See* Doc. No. 53 at 1; Doc. No. 62 at 4; *see also* Doc. No. 33 ¶ 1.) Plaintiff appears to believe that the prospect of settlement obviated the need to commence preparation for summary judgment and trial. However, she cites no authority on this point. Plaintiff's obligation to obtain and disclose expert testimony in accordance with the scheduling order was not contingent upon an unsuccessful outcome in the settlement negotiations. (*See* Doc. No. 33); *see also* Fed. R. Civ. P. 26(a)(2)(c) ("A party must make [disclosures of expert testimony] at the time and in the sequence that the court orders."). Plaintiff contends that she first became aware that she would need an expert report upon viewing the Defendants' Motion for Summary Judgment because:

> the arguments made in the Defendants' [motion for summary judgment] were, in numerous respects, a complete surprise to the Plaintiff. The theory that all of Ameribanq's charges were included in the finance charge as disclosed in the [Truth in Lending Act Disclosure Statement] and that all of Rockwood's charges were rightly not disclosed as finance charges appeared totally inconsistent with the

---

[1] Plaintiff filed the original Complaint on April 28, 2005. (*See* Doc. No. 1.) The original Complaint contains the same language regarding the failure to disclose finance charges as the Amended Complaint. (*Compare id.* ¶ 18 *with* Doc. No. 35 ¶ 18.) Thus, the Amended Complaint did not substantively alter either the facts or the theory that form the basis for Plaintiff's TILA claim. The time for Plaintiff to have developed her legal theories and retained an expert was, in reality, substantially longer than the period between the issuance of the Scheduling Order and the deadline for Plaintiff to submit expert testimony to Defendants.

> documents and the arguments presented by the Defendants before the Bankruptcy Court. It was only upon the articulation of these arguments for the first time on March 16, 2009 . . . that the Pl;aintiff [sic] became aware of the issues that would have to be addressed in the disposition of this case. He [sic] then promptly solicited comments from potential experts and retained a report from William C. Hart in time to timely respond to the [motion for summary judgment].

(Doc. No. 62 at 12.) This argument fails because the Hart Report does not rebut or refute anything that Defendants affirmatively argue in their Motion for Summary Judgment. As noted above, the only purpose it appears to serve is to establish that the amount Plaintiff was charged for title insurance was not reasonable and that the amount Plaintiff was overcharged should have been disclosed.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion will be granted in part and denied in part. An appropriate Order will follow.

BY THE COURT:


/s/*R. Barclay Surrick*
U.S. District Judge

6